

**NUMBER 13-13-00164-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JANIE VILLAREAL AND DANNY
VILLAREAL AND THE ESTATE
OF ALFONSO LOUIS VILLAREAL,                                      **Appellants,**

**v.**

CITY OF CUERO, TEXAS,                                                   **Appellee.**

### On appeal from the 135th District Court
### Of DeWitt County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion Per Curiam**

Appellants, Janie Villarreal and Danny Villareal and the Estate of Alfonso Louis

Villarreal, attempted to perfect an appeal from a judgment entered by the 135th District

Court of DeWitt County, Texas, in cause number 11-06-21929.

The trial court entered a final judgment in this cause on December 19, 2012. A motion for new trial was filed on January 28, 2013, and notice of appeal was filed on March 20, 2013.

On March 26, 2013, the Clerk of this Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellants have not filed a response to the Court's notice.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id.* Appellants' deadline for filing the motion for new trial was January 18, 2013. The motion for new trial was untimely because it was filed on January 28, 2013. Accordingly, appellants' notice of appeal was due to have been filed on or before January 18, 2013. *See* TEX. R. APP. P. 26.1(a).

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect their appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
9th day of May, 2013.